FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

00 SEP -7

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| HENRY NEAL FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 00-PT-1411-M |
| ) | |
| STATE OF ALABAMA LEGISLATURE, ) | |
| GOVERNOR DON SIEGLEMAN, and ) | |
| ATTORNEY GENERAL BILL PRYOR, ) | |
| ) | |
| Defendants. ) | |

ENTERED
SEP 07 2000

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on August 2, 2000, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on August 8, 2000.

Plaintiff maintains that he did not file this action pursuant to 43 U.S.C. § 1983, rather he is seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, that the Title 13A-5-9 of the Alabama Code, the Habitual Offender Act is unconstitutional. The court lacks jurisdiction to enter such an order. "It is well settled that the declaratory judgment statute does not itself confer jurisdiction on a federal court where none otherwise exists." *New Mexico v. Regan*, 745 F.2d 1318, 1323 (10th Cir.1984), cert. denied, 471 U.S. 1065 (1985). The Declaratory Judgment Act, 28 U.S.C. 2201(a), provides that,

> (a)in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and legal

relations of any party seeking such declaration, whether or not further relief is or could be sought.

If in fact, plaintiff is seeking only to have this court declare the Habitual Offender Act unconstitutional his complaint is due to be dismissed as the court lacks jurisdiction to so rule. To the extent plaintiff is asking the court to rule that the Habitual Offender Act unconstitutional as it was applied in his case, his complaint is without merit.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 6TH day of Sept, 20.00

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE

2

United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn  
Clerk

In Replying Give Number
Of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $100 docket fee plus $5 filing fee (for a total of $105) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $105 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account. The remainder of the total $105 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $105 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $105 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $105 fee is collected, even if an appeal is unsuccessful.

THOMAS K. KAHN  
Clerk

PLRA Notice